IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sarah C. Bradley<br>    Debtor | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY<br>    Movant<br>vs.| NO. 17-16510 AMC |
| Sarah C. Bradley<br>    Debtor<br><br>Scott F. Waterman, Esquire<br>    Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,720.93** which breaks down as follows;

   Post-Petition Payments:    September 2021 at $1,334.74/month
   Suspense Balance:    $651.81
   Fees & Costs Relating to Motion:  $1,038.00
   **Total Post-Petition Arrears    $1,720.93**

2. The Debtor shall cure said arrearages in the following manner:

   a) Beginning October 1, 2021 and continuing through March 2022, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,334.74** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$286.82** for the months of October 2021 through February 2022 and **$286.83** for the month of March 2022 towards the arrearages on or before the last day of each month.

   b) Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. If the case is converted to Chapter 7, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 9, 2021         By: /s/ Rebecca A. Solarz, Esquire
                                Attorney for Movant

Date: 9/14/21                   _____
                                Paul H. Young, Esquire
                                Attorney for Debtor

Date: *September 22, 2021*                  /s/ Ann Swartz, Esquire, for
                                            Scott F. Waterman, Esquire
                                            Chapter 13 Trustee


Approved by the Court this ___ day of _____, 2021. However, the court retains discretion regarding entry of any further order.

**Date: September 23, 2021**

_____
Bankruptcy Judge
Ashely M. Chan